

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. A. Davis, M. D.
State Registrar
Bureau of Vital Statistics
Texas State Board of Health
Austin 2, Texas

Dear Mr. Davis:      Opinion No. 0-6618

          Re: Whether under the "Con-
             vention between the United
             State of America and Mexico"
             a copy of a birth record may
             be furnished to the Mexican
             Consul without payment of
             the statutory fee therefor.

   We quote from your letter of September 12, 1945, re-
questing an opinion of this department:

    "Hon. Carlos A. Calderon, Consul General
 for Mexico, San Antonio, Texas, requested a
 copy of the birth record of Guillermo Moreno
 Arrieta, without the payment of the statutory
 fee as provided for by the Texas statutes.

    "Correspondence has led Mr. Calderon to
 forward me a copy of the 'Convention Between
 the United States of America and Mexico'. I
 am acknowledging the receipt of his letter of
 the 7th. A copy of my letter is enclosed.

    "Will you please advise me if the treaty
 mentioned above exempts Consular Officers from
 the payment of the fee provided for in the
 statutes mentioned above."

   From a copy of your letter to the Consul General, en-
closed with the foregoing request and to which you refer, it
is apparent that the applicant relies upon the "Convention
between the United States of America and Mexico" as furnishing

the exemption for the record requested without payment of the statutory fee therefor.

We deem it unnecessary to set forth herein the lengthy provisions of the Sanitary Code relating to vital statistics. We have reviewed, however, these rules - Rules 34a-55a of Article 4477, Vernon's Annotated Civil Statutes - and find no exemption under which payment of the statutory fee may be waived. Rule 54a of said statute provides for the fees to be paid by applicants for such copies, also providing that the State Registrar shall keep a true and correct account of all fees by him received, to be used for the purpose of defraying expenses incurred in the enforcement and operation of the Vital Statistics Act.

This department has had occasion to carefully review the treaty to which you refer, a copy of which accompanies your request. Some was ratified in a proclamation by the President of the United States, effective July 1, 1943, where in the articles of the convention, 14 in number, were set forth.

Article III, Paragraph I of said convention, provides:

"Consular officers and employees in a consulate, nationals of the State by which they are appointed, and not engaged in any private occupation for gain within the territory of the State in which they exercise their functions, shall be exempt from all taxes, National, State, Provincial and Municipal, including taxes of fees, wages or salaries received specifically in compensation for consular services, and they shall be exempt from all kinds of charges incident to the licensing, registration, use or circulation of vehicles. However, they shall not be exempt from taxes levied on account of the possession or ownership of immovable property situated within the territory of the State in which they exercise their functions or taxes levied against income derived from property of any kind situated within such territory or belonging thereto."

Neither the foregoing article nor any other provision of the treaty can be construed as applying to the fees in question.

It is therefore the opinion of this department that the convention between the United States and Mexico, effective July 1, 1943, does not contain any exemption from payment of statutory fees for copies of death or birth records as provided in Article 4477, Rule 54a, V. A. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

/s/

By

Wm. J. R. King
Assistant

WmK:LJ:ddt

Approved
Oct 9 1945
/s/ Carlos C. Ashley
First Assistant
Attorney General

Approved
Opinion
Committee
By G.W.B.
Chairman